Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000098
28-JUN-2019
08:41 AM

NOS. CAAP-17-0000813, CAAP-17-0000570 AND CAAP-17-0000098

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CIVIL NO. 09-1-0748 (3)
SHAUN WRIGHT and ANNETT WRIGHT,
Plaintiffs-Appellees,
v.
MIYAKE CONCRETE ACCESSORIES, INC.,
Defendant-Appellant,
and
DOE DEFENDANTS 1-100, Defendants,
and
MIYAKE CONCRETE ACCESSORIES, INC.,
Third-Party Plaintiff-Appellant,
v.
SAMUEL S. KIYABU, dba KIYABU CONSTRUCTION, INC.,
SANDPIPER CONSTRUCTION, INC., a Hawai'i corporation,
DESPINS GENERAL CONSTRUCTION, INC.,
a Hawai'i corporation, BRIAN SHIMOMURA and
BRIAN SHIMOMURA & ASSOCIATES, LLC, a Hawai'i
Limited Liability Company, Third-Party Defendants-Appellees,
and
JOHN DOES 1-10, Defendants

CIVIL NO. 10-1-0191(3)
DESPINS GENERAL CONSTRUCTION, INC.,
Plaintiff-Appellee,
v.
SHAUN WRIGHT and ANNETT WRIGHT,
Defendants-Appellees,
and
SHAUN WRIGHT and ANNETT WRIGHT,
Counter-claimants-Appellees,
v.
DESPINS GENERAL CONSTRUCTION, INC.,
Counter-Defendant-Appellee

CIVIL NO. 11-1-0153(1)
MIYAKE CONCRETE ACCESSORIES, INC., a Hawai'i corporation,
Plaintiff-Appellant,
v.
BRIAN S. SHIMOMURA and BRIAN SHIMOMURA AND
ASSOCIATES, LLC, a Hawai'i Limited Liability Company,
Defendants-Appellees.


APPEALS FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

This is a consolidated appeal arising from disputes related to the construction of a home for Plaintiffs-Appellees Shaun Wright and Annett Wright (**the Wrights**), which we previously addressed in Wright v. Miyake Concrete Accessories, Inc., Nos. CAAP-13-0003274, CAAP-13-0000406, and CAAP-12-0001085, 2016 WL 6997650 (Hawai'i App. Nov. 30, 2016) (Mem. Op.) (**Miyake I**), cert. denied, SCWC-13-0003274 (Haw. Apr. 24, 2017). In Miyake I, among other things, we remanded the case to the Circuit Court of the Second Circuit (**Circuit Court**)[1] for further proceedings.

In these current appeals, Defendant-Appellant Miyake Concrete Accessories, Inc. (**Miyake**) filed appeals from the following that were entered by the Circuit Court after Miyake I:

(1) a "Final Judgment in Favor of Plaintiffs Shaun Wright and Annett Wright" filed on February 7, 2017 (**2/7/17 Judgment**), resulting in CAAP-17-0000098;

(2) three orders entered on June 30, 2017 (collectively **the 6/30/17 Orders**), resulting in CAAP-17-0000570;[2] and

---

[1] The Honorable Joseph E. Cardoza presided.

[2] The three orders were: (A) an order denying Miyake's non-hearing motion for reconsideration of the 2/7/17 Judgment; (B) an "Order re [the Wrights'] Motion for Order Denying [Miyake's] Motion to Set Aside Garnishee Summons Filed February 13, 2013, and to Release Garnishees Bank of Hawaii, First Hawaiian Bank, and Central Pacific Bank, Filed February 21, 2013, and Garnishee Order"; and (C) an "Order re [Miyake's] Non-Hearing Motion to Vacate Order Denying Miyake's Motion to Set Aside Garnishee Summons [Filed] February 13, 2013, and to Release Garnishees Bank of Hawaii, First Hawaiian Bank, and
(continued...)

2

(3) a "Final Judgment in Favor of Plaintiffs Shaun Wright and Annett Wright" entered on October 4, 2017 (**10/4/17 Judgment**), resulting in CAAP-17-0000813.

While CAAP-17-0000098 and CAAP-17-0000570 were pending in this court, on September 14, 2017, we entered an "Order Temporarily Remanding Case to Circuit Court" (**Temporary Remand Order**), in which we noted that the Circuit Court's 2/7/17 Judgment had been entered before the Hawai'i Supreme Court had rejected applications for writs of certiorari in Miyake I on April 24, 2017. Thus, the Temporary Remand Order stated that the 2/7/17 Judgment was invalid and the orders issued by the Circuit Court pursuant to that judgment were also invalid. The Temporary Remand Order gave the Circuit Court "the opportunity to enter a valid appealable judgment and post-judgment orders[,]" citing to Waikiki v. Ho'omaka Village Ass'n of Apartment Owners, 140 Hawai'i 197, 398 P.3d 786 (2017).

Miyake filed a motion for reconsideration of the Temporary Remand Order and for dismissal of CAAP-17-0000098 and CAAP-17-0000570, in which Miyake also sought entry of judgment in its favor in the amount of $178,636.60. We entered a subsequent order on October 19, 2017, in which we noted, *inter alia*, that pursuant to the Temporary Remand Order, the Circuit Court had struck its 2/7/17 Judgment and the 6/30/17 Orders, and entered the 10/4/17 Judgment. We denied Miyake's motion for reconsideration and for dismissal and judgment in its favor, noted that a new timely notice of appeal would be required for Miyake to appeal from the 10/4/17 Judgment, and allowed Miyake to file a new notice of appeal without having to pay a new filing fee. Miyake timely appealed from the 10/4/17 Judgment.

On appeal, Miyake contends that the Circuit Court: (1) improperly entered the 10/4/17 Judgment and allowed the Wrights to re-file a motion regarding a garnishee summons, based on the

---

[2](...continued)
Central Pacific Bank, and Garnishee Order, Filed April 8, 2013".

3

Temporarily Remand Order, due to lack of jurisdiction, *res judicata*, collateral estoppel, and judicial estoppel; and (2) erred by denying, on the grounds that it lacked jurisdiction, Miyake's May 16, 2017 "Motion to Vacate Order Denying Miyake's Motion to Set Aside Garnishee Summons February 13, 2013, and to Release Garnishees Bank of Hawaii, First Hawaiian Bank, and Central Pacific Bank, and Garnishee Order, Filed April 8, 2013" **(5/16/17 Motion)**.[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve Miyake's points of error as follows.

**(1) Temporary Remand Order.** Miyake argues that we lacked jurisdiction to remand the case on the merits via our Temporary Remand Order, because "[a] judgment rendered by a circuit court without subject matter jurisdiction is void." Lingle v. Hawai'i Gov't Emps. Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawai'i 178, 182, 111 P.3d 587, 591 (2005) (citation omitted).

"The existence of jurisdiction is a question of law that this court reviews *de novo* under the right/wrong standard." Uyeda v. Schermer, 144 Hawai'i 163, 170, 439 P.3d 115, 122 (2019) (quoting Bailey v. Duvauchelle, 135 Hawai'i 482, 488, 353 P.3d 1024, 1030 (2015) (brackets and citation omitted)).

The Temporary Remand Order relied on Waikiki, which provides that, when the underlying action is at a point that the only thing lacking for the perfection of an aggrieved party's right to appeal is the entry of an appealable final judgment, the

---

[3] We note that the arguments made in Miyake's Opening Brief do not appear to align with its points of error section, in violation of Hawai'i Rules of Appellate Procedure Rule 28(b)(7) (requiring that an appellant's opening brief contain "[t]he argument, containing the contentions of the appellant on the points presented and the reasons therefor[.] . . . Points not argued may be deemed waived."). We address points for which Miyake provides supporting argument. We also note that parts of Miyake's contentions are difficult to discern, and we address them to the extent that we are able.

Hawai'i Intermediate Court of Appeals should invoke Hawaii Revised Statutes (**HRS**) § 602-57(3) (2016),[4] and temporarily remand the case to the Circuit Court with instructions to enter a valid appealable judgment. 140 Hawai'i at 204, 398 P.3d at 793. In this case, it was clear from the Circuit Court's 2/7/17 Judgment that it intended to enter a judgment after Miyake I for the amounts owed under the settlement agreement that the Circuit Court had enforced and which we upheld in Miyake I. Although the 2/7/17 Judgment was invalid because the Hawai'i Supreme Court did not reject applications for writs of certiorari in Miyake I until April 24, 2017, by the time the Temporary Remand Order was issued on September 14, 2017, we could remand in aid of our jurisdiction to allow the Circuit Court to act at that time. See HRS § 602-57(3).

The Temporary Remand Order specifically cited Waikiki and remanded the case to the Circuit Court "to give it the opportunity to enter a valid appealable judgment and post-judgment orders." Moreover, the Temporary Remand Order was beneficial to Miyake because it allowed Miyake to appeal from the 10/4/17 Judgment without having to pay another filing fee.

**(2) Stipulation for Dismissal.** Relying on Amantiad v. Odum, 90 Hawai'i 152, 977 P.2d 160 (1999), Miyake argues that the July 15, 2013 "Stipulation for Dismissal with Prejudice of All Claims and All Parties" (**7/15/13 Stipulation**), entered pursuant

---

[4] HRS § 602-57 provides, in relevant part:

> **§602-57 Jurisdiction.** Notwithstanding any other law to the contrary, the intermediate appellate court shall have jurisdiction, subject to transfer as provided in section 602-58 or review on application for a writ of certiorari as provided in section 602-59:
>
> . . .
>
> (3)  To make or issue any order or writ necessary or appropriate in the aid of its jurisdiction, and in such case, any judge may issue a writ or an order to show cause returnable before the court.

5

to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rules 41(a)(1)(B) and 41(c), terminated the Circuit Court's jurisdiction over the case. Miyake thus contends the Circuit Court was without jurisdiction to enter the 10/4/17 Judgment and to address issues relating to that judgment.  We disagree.

HRCP Rule 41 provides, in relevant part:

> **Rule 41.  Dismissal of actions.**
>     (a) *Voluntary dismissal: Effect thereof.*
>         (1) BY PLAINTIFF; BY STIPULATION.  An action may be dismissed by the plaintiff without order of court . . . (B) by filing a stipulation of dismissal signed by <u>all parties who have appeared in the action</u>, in the manner and form prescribed by Rule 41.1 of these rules.  Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States, or of any state, territory or insular possession of the United States an action based on or including the same claim.
>
>         . . . .
>
>         (c) *Dismissal of counterclaim, cross-claim, or third-party claim.*  The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim.  A voluntary dismissal by the claimant alone pursuant to paragraph (1) of subdivision (a) of this rule shall be made before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing.  The notice of dismissal or stipulation shall be made in the manner and form prescribed by Rule 41.1 of these rules.

(Emphasis added).

The parties in the consolidated cases in the Circuit Court included the Wrights, Miyake, as well as Third-Party Defendants Samuel S. Kiyabu dba Kiyabu Construction, Inc. (**Kiyabu**), Sandpiper Construction, Inc. (**Sandpiper**), Brian Shimomura, and Brian Shimomura & Associates, LLC (**Shimomura**), and Despins General Construction, Inc. (**Despins**) by virtue of a third-party complaint filed by Miyake.  Kiyabu, Sandpiper, and Despins formally appeared by individually filing answers to Miyake's first amended third-party complaint.  Shimomura formally appeared by filing a motion to dismiss Miyake's first amended third-party complaint.

6

The 7/15/13 Stipulation only includes the signatures of counsel for the Wrights, Despins, and Shimomura, and the signature of the Clerk of the Circuit Court on behalf of Miyake. Neither Kiyabu nor Sandpiper are listed on the signature page of the 7/15/13 Stipulation, and no signatures appear for those parties. This case is distinguishable from Amantiad, because in Amantiad all appearing parties executed a stipulation for dismissal. 90 Hawai'i at 157, 158 n.7, 977 P.2d at 165, 166 n.7; see HRCP Rule 41. In this case, therefore, the 7/15/13 Stipulation did not divest the Circuit Court of jurisdiction.[5]

Given the above, the Circuit Court had jurisdiction to enter the 10/4/17 Judgment, which entered judgment in the amount of $150,000 in favor of the Wrights and against Miyake, and which concluded with "[a]ny and all remaining claims, if there be any, are dismissed with prejudice." Further, the Circuit Court "retain[ed] jurisdiction to determine matters collateral or incidental to the judgment" and "retain[ed] jurisdiction to enforce the judgment." TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999).

**(3) Res Judicata.** Miyake next argues that the 10/4/17 Judgment and the Wrights' February 24, 2017 "Motion for Order Denying [Miyake's] Motion to Set Aside Garnishee Summons Filed February 13, 2013, and to Release Garnishees Bank of Hawaii, First Hawaiian Bank, and Central Pacific Bank, Filed February 21,

---

[5] In Miyake I, one of the orders that Miyake challenged was an "Order Granting in Part and Denying Without Prejudice in Part Plaintiffs Shaun and Annett Wright's Motion to Compel Defendant Miyake Concrete Accessories Inc. to Execute a Stipulation for Partial Dismissal With Prejudice in Accordance With the Parties' Settlement Agreement and for Award of Attorneys' Fees and Costs Filed June 14, 2013" (**Order to Execute Stipulation for Dismissal with Prejudice**). Miyake I, at *1. In this regard, we rejected Miyake's argument that the Circuit Court had entered this order sua sponte and in contravention of Miyake's due process rights. Miyake I, at *11. The effect of the 7/15/13 Stipulation on the Circuit Court's jurisdiction was not in issue in Miyake I. Although the Circuit Court authorized a stipulation for dismissal of all claims and all parties by way of its Order to Execute Stipulation for Dismissal with Prejudice, not all appearing parties in the case signed the 7/15/13 Stipulation.

2013 and Garnishee Order" (**2/24/17 Motion**) are precluded by *res judicata*.

*Res judicata* bars relitigation when the same parties from a prior lawsuit, or their privies, attempt to bring claims that arose from "the same subject matter" as the prior lawsuit. Tortorello v. Tortorello, 113 Hawai'i 432, 439, 153 P.3d 1117, 1124 (2007) (emphasis omitted). The party asserting *res judicata* must establish that:

> (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim presented in the action in question is identical to the one decided in the original suit, or to a claim or defense that might have been properly litigated in the first action but was not litigated or decided.

E. Sav. Bank, FSB v. Esteban, 129 Hawai'i 154, 160, 296 P.3d 1062, 1068 (2013) (citation omitted).

We are unable to decipher Miyake's arguments. The record does not reflect that there was a prior lawsuit. Because we are unable to decipher Miyake's arguments, we cannot address this aspect of Miyake's appeal. See Ala Moana Boat Owners' Ass'n v. State, 50 Haw. 156, 158, 434 P.2d 516, 518 (1967) (holding that an appellant's brief "requires specific arguments which demonstrate to this court, why a particular viewpoint should be adopted. Anything less can only be an imposition upon the court.").[6]

**(4) Judicial estoppel.** Miyake also argues that because the Wrights contended that the November 15, 2012 "Order Denying [Miyake's] Motion for Relief from Court Ordered Settlement Agreement Filed on August 15, 2012; Order Granting [the Wrights'] Motion to Compel Compliance with Settlement

---

[6] For example, Miyake asserts that, notwithstanding the fact that the April 8, 2013 "Order Denying [Miyake's] Motion to Set Aside Garnishee Summons Filed February 13, 2013, and to Release Garnishees Bank of Hawaii, First Hawaiian Bank, and Central Pacific Bank, Filed February 21, 2013 and Garnishee Order" was vacated in Miyake I, it is a "final judgment" for the purpose of precluding the 10/4/17 Judgment and relitigation of the Wright's 2/24/17 Motion, citing "Restatement, Second, Judgments §13, Comment g" with no further explanation of that citation. The overall vague and contradictory nature of Miyake's *res judicata* argument prevents us from analyzing it.

8

Agreement and Order Filed on August 10, 2012" (**11/15/12 Order**) was a "final judgment" for purposes of issuing a post-judgment garnishee summons under HRS Chapter 652, the Wrights are now judicially estopped from demanding entry of the 10/4/17 Judgment and the issuance of a post-judgment garnishee summons based on the 10/4/17 Judgment.

> Pursuant to the doctrine of judicial estoppel:
>
> [a] party will not be permitted to maintain inconsistent positions or to take a position in regard to a matter which is directly contrary to, or inconsistent with, one previously assumed by him, at least where he had, or was chargeable with, full knowledge of the facts, and another will be prejudiced by his action.

Roxas v. Marcos, 89 Hawai'i 91, 124, 969 P.2d 1209, 1242 (1998) (quoting Rosa v. CWJ Contractors, Ltd., 4 Haw. App. 210, 218, 664 P.2d 745, 751 (1983) (quoting 28 Am.Jur.2d Estoppel and Waiver § 68, at 694-95 (1966) (indentation omitted))). Furthermore:

> [S]everal factors typically inform the decision whether to apply [judicial estoppel] in a particular case: First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled[.] Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

Lee v. Puamana Cmty. Ass'n, 109 Hawai'i 561, 576, 128 P.3d 874, 889 (2006) (quoting New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001) (citations and quotation marks omitted)).

In Miyake I, we ruled that the 11/15/12 Order did not constitute a judgment for purposes of the relevant garnishment statutes under HRS Chapter 652, and, via the Temporary Remand Order, subsequently remanded the case for entry of a new judgment and post-judgment orders. Id. at *9-10, 12. Viewed in this context and without any evidence to the contrary cited by

Miyake,[7] we do not agree that the Wrights' actions created the perception that the Circuit Court was misled either before or after <u>Miyake I</u>.

(5) **Jurisdiction over Miyake's 5/16/17 Motion.** Miyake next argues that the Circuit Court, via an order issued on October 4, 2017 (**10/4/17 Order filed at 4:15 p.m.**),[8] "improperly refused to consider" Miyake's 5/16/17 Motion, on grounds that the court lacked jurisdiction. Miyake contends that the Hawaiʻi Supreme Court had rejected applications for certiorari on April 24, 2017, and thus the Circuit Court had jurisdiction over Miyake's 5/16/17 Motion. Miyake further contends the Circuit Court was required to order restitution of $178,236.60 that had previously been garnished and to take other action sought in Miyake's 5/16/17 Motion.

With regard to its jurisdiction, it appears that the Circuit Court was uncertain whether it had jurisdiction to entertain motions related to HRS Chapter 652 (Garnishment), but it did not state that it refused to act. In this regard, the Circuit Court's 10/4/17 Order filed at 4:15 p.m. states in relevant part that "assuming the Court currently has jurisdiction over HRS Chapter 652 motions, including but not limited to . . . [Miyake's 5/16/17 Motion], this Court <u>will entertain such motions</u>." (Emphasis added). Based on the foregoing, it does not appear that the Circuit Court "improperly refused to consider" Miyake's 5/16/17 Motion.[9]

With regard to Miyake's contention on appeal that the Circuit Court should have taken certain action based on its

---

[7] In its Opening Brief, Miyake alternately fails to provide citation to the record for the Wrights' alleged arguments or provides citations to documents which are either irrelevant to the issue at hand or misquote the Wrights.

[8] There were several orders filed by the Circuit Court on October 4, 2017, some with very lengthy titles.

[9] As we noted above, the Circuit Court properly entered the 10/4/17 Judgment and retains jurisdiction to determine matters collateral or incidental to that judgment and to enforce that judgment.

5/16/17 Motion, including ordering restitution, we note that Miyake's 5/16/17 Motion asserted that such action was mandated by our Judgment on Appeal in Miyake I. In this regard, we disagree. Our Judgment on Appeal in Miyake I affirmed two orders (entered on November 15, 2012 and September 3, 2013), vacated an order entered on April 8, 2013, and remanded the case to the Circuit Court for proceedings consistent with our Memorandum Opinion in Miyake I. Our Judgment on Appeal did not mandate restitution to Miyake or any other particular action.

THEREFORE, IT IS HEREBY ORDERED THAT:

(1) the appeal in CAAP-17-0000098 is dismissed because the "Final Judgment in Favor of Plaintiffs Shaun Wright and Annett Wright" filed on February 7, 2017, from which Miyake appealed, was stricken by the Circuit Court;

(2) the appeal in CAAP-17-0000570 is dismissed because the three orders entered on June 30, 2017, from which Miyake appealed, were stricken by the Circuit Court; and

(3) the "Final Judgment in Favor of Plaintiffs Shaun Wright and Annett Wright," entered on October 4, 2017, by the Circuit Court, is affirmed.

DATED: Honolulu, Hawai'i, June 28, 2019.

On the briefs:

Samuel P. King, Jr.,
Roy Y. Yempuku,
for Defendant-Appellant.

Michael D. Tom,
Mark K. Morita,
for Plaintiffs-Appellees.

Chief Judge

Associate Judge

Associate Judge

11